STATE OF WEST VIRGINIA *v.* CHARLES F. JACKSON

(No. 8729)

Submitted September 27, 1938. Decided October 25, 1938.

*Clarence W. Meadows,* Attorney General, *W. Holt Wooddell,* Assistant Attorney General, and *Walter T. Crofton, Jr.,* Prosecuting Attorney, Wood County, for the State.

*Hoff & Moore,* for defendant in error.

RILEY, JUDGE:

A warrant, issued by a justice of the peace, charged that the defendant "did, on the 1st day of October, 1937, in said county, unlawfully practice the business of real estate agent and broker without having obtained a State license therefor as required by Section 1, Article 12, Chapter 11, of the Official Code of West Virginia, and against the peace and dignity of the State." The State of West Virginia prosecutes this writ of error to a judgment of the circuit court of Wood County, dismissing the warrant upon demurrer.

As indicated by a written opinion, made a part of the record, the trial court's action was based upon the theory that the foregoing section of Code 1931 had been repealed by Chapter 127, Acts of the Legislature, 1937. This act, as indicated by its title, has for its purpose the creation of the West Virginia Real Estate Commission; the regulation of the real estate business; the requiring of a license and payment of a fee to engage in such business; and the providing of penalties for the violation of the provisions of the act. The act itself establishes a commission known as The West Virginia Real Estate Commission; makes it unlawful for any person to act as a real estate broker or salesman, or to engage in the real estate business, without first securing a license from the commission; and provides that if such broker's place of business is located in a city with a population of 7500 or more, his original fee and annual renewal fee shall be $50.00 and that of his salesman, $10.00; and, if in a city or town with a population less than 7500, $25.00 and $5.00, respectively. The act, in section 12 thereof, further provides: "All acts or parts of acts, *including licensing acts*, inconsistent with this act, are hereby repealed. But nothing herein contained shall affect any right that municipalities may now or hereafter have to tax, license, or regulate persons engaged in the real estate business." (Italics supplied.)

The statute under which the warrant was issued, Code 1931, 11-12-1, provides in part: "No person without a State license therefor, shall * * * (h) Practice the business of real estate agent, stock broker, or other broker, by buying or selling for others, stocks, securities, or any other property for a commission or reward; * * * ." Section 40 provides: "On every license to practice the business of real estate agent or real estate broker, fifty dollars * * * ."

The question presented is, does the Act of 1937 repeal the statute (Code 1931, 11-12-1[h], 40)? If so, the judgment of the trial court must be affirmed.

It is most important to note that Code 1931, 11-12-1(h), was the only statute requiring a license for the privilege of engaging in the real estate business at the time of the enactment of Chapter 127 of the Acts of 1937. The former statute is contained in the Official Code of 1931 in chapter 11 and article 12 thereof designated respectively "Taxation" and "License Taxes." In the passage of the 1937 act, the Legislature must be presumed to have acted with full knowledge that Code 1931, 11-12 was the only licensing act dealing with persons engaged in the real estate business then on the statute books. "Laws are presumed to be passed with deliberation, and with a full knowledge of all existing ones on the same subject." 1 Lewis' Sutherland Statutory Construction (2d Ed.), p. 459, sec. 246; *State* v. *Snyder,* 64 W. Va. 659, 63 S. E. 385; *Reeves* v. *Ross,* 62 W. Va. 7, 57 S. E. 284; 59 C. J., 1038.

It is contended by the State that the earlier act was not repealed by the later. In support thereof it is submitted (1) that the former is strictly a revenue measure under power to tax, and the latter a regulatory measure under the police power, and therefore not *ipso facto* repugnant; (2) that a strong presumption exists against a legislative intent to repeal an earlier act dealing with a different subject matter, where the later does not expressly refer to the former; and (3) that repeal by implication is not favored, and the presumption is always against the intent to repeal where express terms are not used in the later statute with reference to the former.

Were we dealing with the usual repealer clause, the foregoing position would no doubt be tenable, for ordinarily such a clause is only declaratory of what would be the legal effect of the act without the provision. In other words, its insertion actually adds nothing of virtue or meaning to the act, and takes nothing from it. 25 R. C. L. 912, sec. 165; 1 Lewis' Sutherland Statutory Construction (2d Ed.), p. 491, sec. 256. On the other hand, it may be said that where a general repealing clause is present, there is an assumption that the new statute to

some extent is repugnant to some prior enactment. However, the repeal, if any, is to the extent of a repugnancy, but no farther. 1 Lewis' Sutherland Statutory Construction (2d Ed.), p. 491, sec. 256.

Here, however, we find inserted in the repealer clause the words, "including licensing acts." Insertion of these words in the repealer clause indicates that existing licensing acts in so far as they apply to persons engaged in the business of buying and selling real estate, are inconsistent with the new act. In other words, the language used evinces a legislative intention to require but one license to engage in such business, a license issued by the West Virginia Real Estate Commission. Any other interpretation would render the words "including licensing acts" of no effect whatever. "It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every section, clause, word or part of the act." 25 R. C. L., 1004, sec. 246. See *Long Flame Coal Co.* v. *State Compensation Commissioner*, 111 W. Va. 409, 414, 163 S. E. 16; *State* v. *Hall*, 86 W. Va. 1, 7, 102 S. E. 694; *Building & Loan Association* v. *Sohn*, 54 W. Va. 101, 112, 46 S. E. 222.

The intention of the Legislature to repeal Code 1931, 11-12 to the extent that it applies to persons engaged in the real estate business is more clearly evident from the broad provisions of the Act of 1937. Though the latter provides for regulation of the real estate business, its title also designates it as a licensing act; section 8 thereof requires all real estate brokers and salesmen to obtain a license from the real estate commission and those whose places of business are located within a city or town to pay a fee; and section 11 thereof provides for penalties for persons to engage in the real estate business without a license. Evidently the Legislature intended for this act to cover the whole range and subject of licensing and regulating the real estate business. That being so, the broad provisions of this act, supplemented by its repealer clause, work a repeal of the earlier statute so far as it requires a license and the payment of a fee therefor by

persons engaged in the real estate business. "A later statute, covering the whole subject matter of an earlier one, not purporting to amend it, and plainly showing it was intended to be a substitute for the earlier act, works a repeal of such earlier act by implication, even though the two are not repugnant in the usual sense of the term." *Grant* v. *Baltimore & Ohio Railroad Co.*, 66 W. Va. 175, 66 S. E. 709, Syllabus 1. Accord: *State* v. *Michaels*, 103 W. Va. 634, 636, 138 S. E. 199; *Cunningham* v. *Cokely*, 79 W. Va. 60, 90 S. E. 546; *Ex parte Gilbert*, 78 W. Va. 658, 90 S. E. 111; *Beck* v. *Cox*, 77 W. Va. 442, 87 S. E. 492; *State* v. *Mines*, 38 W. Va. 125, 18 S. E. 470; *Herron* v. *Carson*, 26 W. Va. 62.

We are of the opinion that the trial court did not err in sustaining the demurrer to the warrant, and its judgment is therefore affirmed.

*Affirmed.*