STATE OF WEST VIRGINIA

*v.*

CHESTER W. MASON

(CC 821)

Submitted September 20, 1955. Decided October 25, 1955.

218

*John G. Fox,* Attorney General, *Fred H. Caplan,* Assistant Attorney General, for plaintiff.

*I. Raymond Murphy, Dayton R. Stemple,* for defendant.

BROWNING, JUDGE:

Chester W. Mason, hereinafter designated as defendant, was indicted by the Grand Jury attending the January, 1955, term of the Circuit Court of Taylor County in the following words and figures:

> "The Grand Jurors of the State of West Virginia, in and for the body of the County of Taylor, and now attending the said Court, upon their oaths present that heretofore on the 9th day of November, 1950, Chester W. Mason was tried and convicted upon his, the said Chester W. Mason, plea of guilty before Ona C. Jefferys,

a duly qualified and acting Justice of the Peace of Grafton District, Taylor County, West Virginia, upon a lawful warrant, duly issued by the said Justice, charging the said Chester W. Mason with having unlawfully driven and operating a motor vehicle upon a street and highway, in the said county and state, while he, the said Chester W. Mason, was then and there intoxicated and under the influence of intoxicating liquors and was thereupon fined the sum of $50.00, which fine was paid on the 9th day of November, 1950, against the peace and dignity of the State.

"And the Grand Jurors aforesaid, upon their oaths as aforesaid, further present that Chester W. Mason, on the _____ day of November, 1954, and within one year preceding this finding, in the said County of Taylor, did unlawfully, drive and operate a motor vehicle upon a public street and highway, commonly known as Latrobe Street, in the county and state aforesaid, while he, the said Chester W. Mason, was then and there intoxicated and under the influence of intoxicating liquors against the peace and dignity of the State.

"SECOND COUNT: And the Grand Jurors aforesaid, upon their oaths as aforesaid, further present that heretofore on the 9th day of November, 1950, Chester W. Mason was tried and convicted upon his, the said Chester W. Mason, plea of guilty before Ona C. Jefferys, a duly qualified and acting Justice of the Peace of Grafton District, Taylor County, West Virginia, upon a lawful warrant, duly issued by the said Justice, charging the said Chester W. Mason with having unlawfully driven and operating a motor vehicle upon a street and highway, in the said county and state, while he, the said Chester W. Mason, was then and there intoxicated and under the influence of intoxicating liquors and was thereupon fined the sum of $50.00 which fine was paid on the 9th day of November, 1950, against the peace and dignity of the State.

"And the Grand Jurors aforesaid, upon their oaths as aforesaid, further present that Chester W. Mason, on the _____ day of November, 1954, and within one year preceding this finding, in the said County of Taylor, was in actual physical control of a motor vehicle on a public street and highway, commonly known as Latrobe Street, in the county and state aforesaid, while he, the said Chester W. Mason, was then and there intoxicated and under the influence of intoxicating liquors against the peace and dignity of the State."

Defendant demurred to and moved to quash the indictment on the principal grounds: That, inasmuch as the Legislature, in 1951, had repealed the statute under which defendant was convicted in November, 1950, and enacted a new statute, effective July 1, 1951, the prior conviction could not serve as a basis on which he may be convicted of a second offense; and that the new act sets out two separate offenses, only one of which constituted an offense under the old statute.

The court overruled defendant's demurrer and motion to quash, and, on joint application of the State and the defendant, certified the questions raised thereby to this Court. Briefly, the questions are these: (1) Does the indictment sufficiently charge a crime under the present statute?; (2) Does the indictment validly charge a second offense, the conviction of the first offense allegedly occurring prior to July 1, 1951?; (3) Does a charge that a person, while under the influence of intoxicating liquor, was "in actual physical control" of a vehicle constitute a second offense when the alleged first offense was that of "driving" a vehicle while under the influence of intoxicating liquor?; (4) Is an indictment charging "actual physical control", while under the influence of intoxicating liquor, sufficient without further alleging facts which constitute "actual physical control"?; (5) What constitutes "actual physical control"?; and (6) Are the offenses of "driving" and "actual physical control" distinct and separate offenses?

The pertinent statutory provisions are: Code, 17-8-25, as amended: "No person shall drive or operate any vehicle, motor driven or otherwise, upon any public road or street in this State, while intoxicated or under the influence of intoxicating liquor, drugs or narcotics; nor shall the owner of such vehicle, knowingly permit the same to be operated by one intoxicated, or under the influence of intoxicating liquor, drugs or narcotics. * * *"

Chapter 129, Acts of the Legislature, Regular Session, 1951, "repealed" Article 8 of Chapter 17 of the Code, and "amended" it by designating three new chapters pertaining to motor vehicles. Chapter 17C-5-2 provided:

"(a) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle on any highway of this state or for any owner of such vehicle to knowingly permit the same to be so operated by one under the influence of intoxicating liquor.

"* * *.

"(c) * * * A person violating any provision of this section shall, for the second offense, * * *."

Subsection (a) of 17C-5-2 was amended by Chapter 113, Acts of the Legislature, Regular Session, 1955, by deleting after the word "drive" the words "or be in actual physical control of." The amendment was effective from passage, February 24, 1955, approximately one month subsequent to the date when this indictment was returned by the Taylor County Grand Jury.

The defendant contends that, by the repeal of Article 8, Chapter 17, of the Code, as amended by the Legislature at its 1951 Session, both counts of this indictment are invalid and demurrable, inasmuch as the first conviction in 1950 cannot, after the repeal, even be used against the defendant to constitute a second offense of driving a vehicle while under the influence of intoxi-

cating liquor. However, the language used indicates clearly that the Legislature intended to, and did, repeal and simultaneously re-enact the pertinent provisions of that statute, this being the language used: "That * * * article eight * * * of the code of West Virginia, one thousand nine hundred thirty-one, as amended, be repealed, and that said code be amended by adding thereto three new chapters to be designated chapters seventeen-a, seventeen-b, and seventeen-c, all to read as follows: * * *."

The second syllabus point of *State* v. *Tippens and Medley,* 91 W. Va. 504, 113 S. E. 751, reads as follows: "Amendment and re-enactment of a statute creating or defining a crime does not repeal, discontinue nor interrupt the force, effect or operation of such statute, in so far as it remains unaltered by the amendment." Although there is a slight diversity of opinion as to the effect of a repealing act on so much of the repealed act as is re-enacted, the following is stated in 50 Am. Jur., Statutes, 538, § 533: "* * * The prevailing view, however, is that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the repeal, so that the provisions of the repealed act which are thus re-enacted continue in force without interruption, and all rights and liabilities incurred thereunder are preserved and may be enforced. * * *"

Code, 17-8-25, as amended, the law in effect at the time of the defendant's conviction, reads in part as follows: "No person shall drive * * * while intoxicated or under the influence of intoxicating liquor * * *.", and after the re-enactment of 1951, 17C-5-2(a) reads: "It is unlawful * * * for any person who is under the influence of intoxicating liquor to drive * * * any vehicle on any highway * * *." The offense before and after the re-enactment was for a person to drive a vehicle upon the public roads of this State while under the influence of

intoxicating liquor, and the language used in the re-enactment is almost identical with that contained in Code, 17-8-25, as amended. The first count of the indictment, therefore, does charge a second offense of driving while under the influence of intoxicating liquor that is good upon demurrer. "One good count in an indictment containing several counts relating to one and the same transaction will support a general conviction. The same rule applies whether there was a general demurrer to the indictment, or a demurrer to each separate count thereof." Pt. 2, Syl., *State* v. *Johnson*, 111 W. Va. 653, 164 S. E. 31.

The addition of the words "or be in actual physical control of", after the word "drive", and preceding the words "any vehicle" in Subsection (a) by the 1951 re-enactment, which was subsequent to the date of the conviction of the defendant for driving a motor vehicle upon a public highway while intoxicated, and the elimination of these words by the 1955 Amendment, subsequent to the return of this indictment, and prior to the trial of the defendant, present more difficult questions.

It was clearly the intention of the Legislature, when it added to Subsection (a) the words "or be in actual physical control of", to create a new crime, separate and distinct from that of driving a vehicle upon a public highway while under the influence of intoxicating liquor. Also, the intention of the Legislature is clearly ascertainable as to punishment under the provisions of Subsection (c) for the first violation of "any provision of this section." However, the legislative intention as to the penalty for a second, third or subsequent violation of this Section is not so clearly revealed by the language used. Subsection (c) further provides: "* * * A person violating any provision of this section shall, for the second offense, be guilty of a misdemeanor, and upon conviction thereof shall be punished by imprisonment in the county jail for a period of not less than six months nor more than one year, * * *.", and "A person violating

any provision of this section shall, for the third or any subsequent offense be guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than one nor more than three years, * * *." The State contends that the language used should be so construed as to permit a conviction for a second, third or subsequent violation of this Section by combining the crime of driving while intoxicated, and the crime of being in actual physical control of a vehicle while under the influence of intoxicating liquor. This Court holds otherwise. However, if such had been the clear intention of the Legislature, serious questions as to the validity of that part of the statute would arise.

It is a rule of general application that penal statutes are construed strictly against the State and favorably to the liberty of the citizen. Such statutes are not to be extended by construction, but must be limited to cases clearly within the language used. *State* v. *Pyles*, 86 W. Va. 636, 104 S. E. 100; *Diddle* v. *Continental Cas. Co.*, 65 W. Va. 170, 63 S. E. 962; and *State* v. *Beasley*, 21 W. Va. 777. We hold, therefore, that the offense of driving a vehicle on any highway, while under the influence of intoxicating liquor, cannot be combined with the alleged new offense, of being in actual physical control of a vehicle upon a highway, or vice versa, to constitute a valid second offense under the statute. The second count of the indictment is invalid, and the demurrer to it should have been sustained.

The deletion of the words "or be in actual physical control of" a motor vehicle while intoxicated, or under the influence of intoxicating liquor, by the 1955 Amendment, did not affect any offense committed thereunder while such statute was in effect. Assuming that a new crime was created by the addition of these words, any person charged with the violation of such law would be subject to prosecution therefor if begun within the statutory period for prosecuting misdemeanors. Code, 2-2-8, reads as follows: "The repeal of a law, or its expira-

tion by virtue of any provision contained therein, shall not affect any offense committed, or penalty or punishment incurred, before the repeal took effect, or the law expired, save only that the proceedings thereafter had shall conform as far as practicable to the laws in force at the time such proceedings take place, unless otherwise specially provided; and that if any penalty or punishment be mitigated by the new law, such new law may, with the consent of the party affected thereby, be applied to any judgment pronounced after it has taken effect."

In discussing this question, this Court, in *State* v. *Tippens and Medley, supra,* speaking through Judge Poffenbarger, said: "* * * In these modifications by amendment and reenactment, the former law was not repealed. Except in so far as it has been altered, it still remains in force and was not destroyed nor discontinued by the amendments. * * *. But, if it had been repealed, an offense committed under it, before repeal thereof, would not be condoned nor forgiven. * * *" To the same effect is *State* v. *Abbott,* 8 W. Va. 741. In the opinion in each of these cases, reference was made to the statute then in effect, which was identical to Code, 2-2-8, heretofore quoted. There is no conflict between these principles and those enunciated in *State* v. *Fisher,* 126 W. Va. 117, 27 S. E. 2d. 581.

Since it has been found that upon demurrer the first count of the indictment is good, and the second count is not, it is not necessary to further answer the questions certified. It becomes unnecessary, therefore, to decide whether a new crime was created by the addition of the words "or be in actual physical control of" a motor vehicle, or, if so, whether the use of the statutory language in the second count of the indictment meets the requirement of Article III, Section 14, of the Constitution of this State, that "* * * In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, * * * against him."

The ruling of the Circuit Court of Taylor County, by which the defendant's demurrer to the first count of the indictment was overruled, is sustained, and that court's action in overruling the demurrer to the second count of the indictment is reversed.

*Ruling*
*affirmed in part and*
*reversed in part.*