**Charley SPRY, Appellant,**

v.

**Otto C. BOLES, Warden, West Virginia State Penitentiary, Appellee.**

**No. 8476.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 4, 1962.

Decided Feb. 13, 1962.

Jolyon W. McCamic, Wheeling, W. Va. (Court-appointed counsel), for appellant.

George H. Mitchell, Asst. Atty. Gen., of West Virginia (C. Donald Robertson, Atty. Gen., of West Virginia, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

PER CURIAM.

On May 26, 1953, the petitioner was convicted in the Circuit Court of Logan County, West Virginia, of breaking and entering. After conviction and before sentencing, the prosecuting attorney of that county presented information to the Circuit Court setting forth two previous convictions. On June 12, 1953, pursuant to the provisions of the recidivist law of that state, Code of West Virginia, 61–11–18, 61–11–19, the Court sentenced petitioner to confinement in the penitentiary for the remainder of his natural life. Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Appeals of West Virginia, which petition was denied by said Court on May 24, 1954. On October 14, 1954, the Supreme Court of the United States denied a writ of certiorari to review the action of the Supreme Court of Appeals of West Virginia.

Petitioner then sought a writ of habeas corpus in the United States District Court for the Northern District of West Virginia. On July 26, 1956, the Honorable Herbert S. Boreman, then Judge of the Court, entered an order refusing to grant the writ because in the Court's opinion the petitioner was still serving time pursuant to a validly imposed maximum sentence of ten years for breaking and entering and had not begun serving time pursuant to the illegally imposed life sentence under the recidivist statute.

On July 14, 1961, the petitioner again filed a petition in the United States District Court for the Northern District of West Virginia praying for a writ of *habeas corpus*. On September 14, 1961, an order was entered quashing the writ and dismissing the petition. The petitioner has now served the validly imposed sentence and it is too late for the filing of a new information or for resentencing

under the Habitual Criminal Act of West Virginia, Code, 61–11–18, 61–11–19.

■ The act in question requires that the prisoner be "duly cautioned". We are satisfied that this requirement is mandatory and that if the petitioner was not duly cautioned prior to his admission of his identity and prior to the imposition of the life sentence then the failure to do so denied to the prisoner "due process of law" and consequently the sentence imposed under the statute was void. This view of the law is confirmed by that of the Supreme Court of West Virginia in State ex rel. Cox v. Bowles, W.Va., 120 S.E.2d 707 (1961).[1] In that case there was no written information filed and the defendant was not "duly cautioned". The Court said:

> "These two mandatory requirements of the statute were not complied with in connection with the imposition of the additional five year period of confinement; and for that reason the circuit court was without jurisdiction to impose that additional confinement upon the petitioner and that portion of the sentence imposed by the judgment entered February 18, 1959, is void and of no force and effect." (At page 709).

Since we are bound by that Court's interpretation of this statute, Johnson v. Tucker, Warden, 249 F.2d 650 (4 Cir. 1957), there can be no doubt that the life sentence was *void* if the petitioner was not "duly cautioned".

■ The order in this case is based solely upon the depositions of R. A. Barker, petitioner's counsel at the trial, and C. C. Chambers, the trial judge who imposed the life sentence. Since the Court had only written depositions before it, we are as capable to determine questions of credibility and weight of the evidence as was the District Court. The deposition of R. A. Barker has no bearing on the validity of the finding of the Court below that petitioner was duly cautioned since he stated that he could not recall anything that the trial judge said to the petitioner in connection with the case. Therefore, whatever support there is in this record for that finding must be in the deposition of Judge Chambers, since no transcript was made at the trial, and the order of the Court is silent as to whether or not the Court duly cautioned the petitioner.

The trial judge prefaced his entire testimony with a statement of his "habit" of always cautioning defendants as to their rights and privileges. Nowhere did he state that he *presently* recollected that he did as a fact duly caution this petitioner before sentencing. We find this evidence to be insufficient to support a finding that the petitioner was "duly cautioned" and that the conclusion of the District Court was unwarranted and clearly erroneous.

There is no transcript in this case of the proceedings in the trial court. The order of conviction was silent as to due cautioning when the case came before the District Court in 1956. At that time that Court found that petitioner was not "duly cautioned" and that this requirement was mandatory. However, it remanded the prisoner for reasons stated above. In the interval between that decision and the filing of the present petition, the state authorities have taken no steps to rectify the silence of the order of conviction on due cautioning. A written order of conviction is designed to preserve a correct and authentic record of important elements of criminal proceedings free from the infirmities of human memory, and it is a safeguard to which not only the Court but the defendant is entitled in the preservation of his rights. Where satisfaction of a statutorily mandatory requirement is omitted from the order, and due notice of the defect and opportunity to correct it is given to the state, and such correction is not made, the state, like the prisoner, commits itself to a reliance upon human memory to prove satisfaction of such requirement. Where the state's officers

1. For the West Virginia practice in matters of this sort, see State v. Adams, 143 W.Va. 601, 103 S.E.2d 873 (1958).

subsequently cannot testify satisfactorily that such requirement was satisfied, the state should not complain if the prisoner goes free as a result of subsequent proceedings considering the effect of that defect.

The petitioner is not now confined under any lawful sentence, allowing for the time off for good behavior he would receive under the West Virginia practice. There is, therefore, no reason to detain him further.

The prayer of the petitioner is hereby granted and the respondent is ordered to release the prisoner.

Reversed.

