STATE EX REL. JOHN FINK MOUNTS

*v.*

OTTO C. BOLES, *Warden, Etc.*

(No. 12154)

Submitted April 17, 1962.          Decided June 26, 1962.

BROWNING, JUDGE, dissenting.

*Jeremy C. McCamic, Thomas B. Miller,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This habeas corpus proceeding was instituted under the original jurisdiction of this Court on January 23, 1962. John Fink Mounts, petitioner, hereinafter referred to as petitioner, seeks a writ to compel Otto C. Boles, Warden of the West Virginia State Penitentiary, respondent, here-

inafter referred to as respondent, to release him from his present confinement under sentence of life imprisonment imposed upon him by the final judgment of the Circuit Court of Mingo County, entered on May 30, 1956, after the petitioner had been tried and found guilty by a jury of unlawful and felonious wounding.

The verdict of the jury was returned on May 29, 1956, and on May 30, 1956, the prosecuting attorney of Mingo County filed a written information with the Circuit Court informing the Court that the petitioner had been convicted of felonies on four other occasions, giving the place, date, crime and sentence of each conviction. Before sentencing the petitioner, the judge of the Circuit Court read to the petitioner each former conviction, advising him of the date, crime and sentence of each conviction, and asked him if he was the same man who had been convicted and sentenced on each occasion, to which the petitioner, in the presence of, and with the knowledge of his attorney, answered that he was the same person who had been convicted in each of the four instances contained in the presentment, after which the court sentenced the petitioner to life imprisonment under the habitual criminal statute of this state. Code, 61-11-18, as amended, and Code, 61-11-19, as amended.

The petitioner alleges in his petition that he is being held as a prisoner in the state penitentiary at Moundsville, under a life sentence imposed by the Circuit Court of Mingo County, which Court, he contends, was without jurisdiction to impose such sentence. It is the contention of the petitioner that he was either sentenced to life imprisonment under Code, 61-2-9, for unlawful and felonious wounding, which provides for a maximum sentence of from one to five years, or, he was sentenced to life imprisonment as a recidivist under Code, 61-11-19, as amended; and that if he was sentenced under the unlawful and felonious wounding statute, which maximum sentence he has already served, the remainder of the sentence imposed for life is void, because the court had no jurisdiction to impose such sentence under Code, 61-2-9; and that if he was sentenced to life imprisonment under Code, 61-11-19, as amended, as a recidivist, the life sentence is void because the Circuit Court

of Mingo County had no jurisdiction to impose such sentence, because, he alleges, he had not been duly cautioned by the court before he acknowledged his identity as being the person who had been previously convicted and sentenced, as required by Code, 61-11-19, as amended.

The petition for a writ of habeas corpus in this case had two exhibits filed with it. Exhibit No. 1 was the order of the court showing the complete proceedings had in connection with this case, the appearance of the petitioner with his attorney, the plea of not guilty, the verdict of the jury finding him guilty of unlawful and felonious wounding, the motions made by petitioner's counsel to set aside the verdict and in arrest of judgment, which were overruled by the court, the filing of the information by the prosecuting attorney setting out in detail the former convictions, the appearance of the petitioner with his attorney after the filing of the information with regard to the former convictions, the inquiry made by the court of the petitioner in open court as to whether or not he was the same person named in each of the four convictions contained in the information, the admission of the petitioner that he was the same person named in each of the former convictions, and inquiry by the court if the petitioner had anything to say or any reason to offer why the judgment of the court should not be pronounced against him upon the verdict of the jury finding him guilty of unlawful and felonious wounding and upon the information filed with the court and of which he had theretofore been advised in detail. The petitioner made no reply, after which the court ascertained, fixed, and ordered his confinement to the state penitentiary at Moundsville for life.

Exhibit No. 2 is a transcript of the proceedings had disclosing that the petitioner, after an adjournment of the court on May 29th, again came before the court in person, with his attorney, on May 30, 1956, at which time the court advised the petitioner that a written information had been filed with the court, in accordance with Code, 61-11-19, as amended, that the court then proceeded to inform the petitioner in detail with regard to the entire information, in which was set out the dates, the crimes, place, sentence and

place of confinement of each former conviction; and that it then required the petitioner to stand up and again informed him of the details of each conviction and asked him if he was the same person named in each indictment and sentence in each case, to which question the petitioner answered in the affirmative, after which he was sentenced to life imprisonment.

The respondent demurred to the petition on the ground that the petitioner had waived his statutory right to be duly cautioned by his failure to make timely assertion of such right, and answered, alleging that the petitioner was legally confined by a court of competent jurisdiction by virtue of the conviction of unlawful and felonious wounding and the information filed relative to the four former convictions, that the judgment of the court was valid on its face.

The only question to be answered in the disposition of this proceeding is whether or not the petitioner was duly cautioned with regard to the four former convictions as provided for in Code, 61-11-19, as amended.

The petitioner alleges that he has served the maximum sentence for unlawful and felonious wounding, that if he had not been duly cautioned with regard to the former convictions, any additional or excess sentence is void, and the petitioner would be entitled to be forthwith discharged from the custody of the respondent under the judgment of May 30, 1956. *Dye* v. *Skeen, Warden,* 135 W. Va. 90, 62 S. E. 2d 681; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740. The pertinent provisions of Code, 61-11-19, as amended, dealing with the question involved in this case are as follows:

> "It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting

attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen (§6130) of this article on a second or third conviction as the case may be."

It will be noted that in the present case the prosecuting attorney, having knowledge of the petitioner's former sentences to the penitentiary, after his conviction of unlawful and felonious wounding, gave information to the court immediately after the conviction, and before sentence, in accordance with the provisions of the statute. The court then, before the expiration of the term at which the prisoner was convicted, caused him to be brought before the court the next day, and upon the filing by the prosecuting attorney of the written information setting forth the record of the previous convictions and sentences, required the petitioner to say whether or not he was the same person. Before the court required the petitioner to say whether or not he was the same person, the court advised him that a written information had been filed with the court, which was apparently read to petitioner after which the court requested the petitioner to stand up and then advised him as to the details of each of the four convictions. The prisoner answered that he was the same person in each of the four former convictions, which response was entered of record. After the petitioner had been advised in detail of the contents of the information and had acknowledged in open court that he was the same person in each of the four former convictions, the court sentenced him to life imprisonment in accordance with the provisions of Code, 61-11-18, as amended. All of these

proceedings were had in open court with the petitioner present in person, with his attorney by his side, all of which is clearly shown and set out in the order of the court dated May 30, 1956, sentencing the petitioner to life imprisonment.

It has been held that Code, 61-11-19, as amended, dealing with former convictions, contains two mandatory statutory requirements which must be complied with relative to the imposition of additional sentences; that is, that a written information pertaining to prior convictions and sentences must be filed by the prosecuting attorney and that the accused, before he acknowledged his identity as the person having been previously convicted, must be duly cautioned. *State ex rel. Cox* v. *Boles*, 146 W. Va. 392, 120 S. E. 2d 707, (decided by this Court on June 13, 1961). However, no written information was filed in the *Cox* case, and of course such information could not be read to the petitioner; thus the holding as indicated in the first point of the syllabus of the opinion, turned on the failure to file a written information, and it was held:

> "In the absence of a written information filed with the court, setting forth the previous conviction and sentence, or convictions and sentences, an additional sentence imposed, under the provisions of Section 18, Article 11, Chapter 61, Code, 1931, as amended, is void."

The "duly cautioned" provision of the statute in question has never been construed by this Court to define what would be a compliance therewith. It is merely a statuory requirement of the statute of this state, and is subject to construction by this Court. Certainly the words "duly cautioned" contained in the statute do not mean that the trial court must inform the petitioner as to the sentence he is going to impose upon him. This is not required in any case. Then, too, the prisoner, with his attorney present, knew what the sentence would be in this case.

We therefore hold that the statutory provision regarding "duly cautioned" contained in the statute in question has been fully met when a written information has been filed and the court has advised the accused of the filing of an in-

formation with regard to the former conviction and sentence or convictions and sentences, and cautions or advises the accused of each separate former conviction and sentence pertaining to each offense, charge and place of confinement, before the accused acknowledged that he is the same person formerly convicted and sentenced. Any other interpretation or construction of the statute in question would not be justified. If the petitioner or his attorney had made any objection or statement with regard to the previous convictions when given the opportunity by the court, any questions could have been answered by the court, and if by chance some error had been made in connection with the entry of the judgment imposing sentence, a writ of error could have been obtained, the judgment reversed and the case remanded to the trial court for a proper judgment of sentence to be entered. *State* v. *Justice*, 130 W. Va. 662, 44 S. E. 2d 859; *State* v. *Blankenship*, 137 W. Va. 1, 69 S. E. 2d 398.

The recidivist statute in this state does not require notice to the accused prior to trial on the substantive offense, and an information of any prior convictions and sentences will be presented in the event he is found guilty. *State* v. *Blankenship, supra.*

The petitioner, who was represented by counsel, heard the four former convictions and sentences explained to him, and he acknowledged that he was the same man in each instance. Neither the petitioner nor his counsel sought a continuance in connection with the information, the contents of which were fully explained. Nor did they, in any way, raise any matter of defense, or intimate that additional time was needed to investigate the existence of any possible defense, or that they did not fully understand each and every former conviction and sentence. By virtue of their actions they not only admitted that the petitioner was the same person referred to in the former convictions and sentences but that the contents of the presentment were true and correct. The petitioner cannot now come into this Court and say that he was not duly cautioned. See *Oyler* v. *Boyles*, Vol. 7 L. Ed. 2d 446, (advance sheet).

A habeas corpus proceeding cannot be used as a substitute

for a writ of error or certiorari and is only proper where the judgment is void. *Ex Parte Mooney,* 26 W. Va. 36; *Dye v. Skeen, Warden,* 135 W. Va. 90, 62 S. E. 2d 681; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740.

The judgment of the Circuit Court of Mingo County is valid on its face, and there is nothing in the record in this case to show affirmatively that the judgment is void. Cf. *State ex rel. Browning* v. *Tucker, supra.*

The case of *State ex rel. Lovejoy* v. *Skeen, Warden,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268, involved the same question as is being considered in the case at bar. In that case there was nothing contained in the proceeding to indicate that the petitioner had not been duly cautioned with regard to former convictions. It was stated in the *Lovejoy* case that: "a judgment pronounced by a court of competent jurisdiction, valid on its face, will not be disturbed on a writ of habeas corpus, a collateral attack, but the petitioner is left to his remedy by a writ of error." This principle is adhered to and followed in the case of *Shears* v. *Adams, Warden,* 145 W. Va. 250, 114 S. E. 2d 585.

In cases where the sentence of the trial court is not proper relative to a recidivist case in which an additional sentence is imposed after conviction of the substantive offense and the excess is held to be void, if a writ of error, which must be applied for within eight months from the date of the final judgment, is granted, the verdict will not be set aside and the accused released, but the sentence will be set aside and the case remanded to the trial court for proper sentence. *State* v. *Blankenship, supra.* It is somewhat anomalous that if the accused does nothing but waits for a period of ten years, when the case could then not be appealed or a writ of error granted, he can then file a petition for a writ of habeas corpus by which he can be forever discharged.

Another anomaly is clearly evident in such cases when the action by the courts in habeas corpus proceedings is considered in connection with the other recidivist statute in this state. Code, 62-8-4, as amended. This recidivist statute provides that when an accused is convicted of an offense and

sentenced to confinement in the penitentiary and has been received there, the warden may file an information with regard to former convictions if he has not been sentenced thereon, with the Circuit Court of Marshall County and the recidivist proceeding is then handled in exactly the same manner as provided for in the statute when handled in the trial court. Code, 61-11-19, as amended. When the additional sentence imposed by the trial court in a recidivist proceeding is held to be void in a habeas corpus proceeding, it has the effect of holding that the accused has never been sentenced thereon. However, it is held in such cases that after the petitioner has served the maximum sentence for the substantive offense and files his petition for a writ of habeas corpus, he must be released and discharged by the warden of the state penitentiary, which thereby prohibits the warden from filing an information in such cases, because such action can be taken by the warden only while the prisoner is in his custody. *Spry* v. *Boles,* 299 F. 2d 332; *Dye* v. *Skeen, Warden, supra; State ex rel. Browning* v. *Tucker, supra.*

In two Federal cases involving the "duly cautioned" question under the West Virginia Code, 61-11-19, as amended, the Supreme Court of the United States in *Oyler* v. *Boles, supra,* held that the accused had been duly cautioned, and in the case of *Spry* v. *Boles,* in the Fourth Circuit Court of Appeals, held that the petitioner had not been duly cautioned, because the trial judge did not state that he presently recollected that he had duly cautioned the petitioner before sentencing him. There has been no attempt made to interpret or construe the words "duly cautioned" contained in the statute in question until the present case, although we have held in the absence of a showing otherwise, it will be assumed that the trial court followed the statute in pronouncing sentence, but that a statement with regard to the requirements of the statute was omitted from the order of the court by inadvertence. *Lovejoy* v. *Skeen, Warden, supra; Shears* v. *Adams, Warden, supra.*

We now hold that if in a criminal case where there is a conviction of a substantive offense, an information is filed before sentence thereon and before the expiration of the

term at which the conviction occurred; and the accused is represented by counsel, unless such representation has been waived or refused by the accused, is advised of such information and is then informed by the court of the details of each former conviction and sentence, and is given sufficient opportunity to present any defense he may have in connection with the former convictions and sentences, does not state that he has any defense and fails to request a continuance for time to consider the previous convictions, admits that he is the same person as was convicted and sentenced on each previous conviction, the statute with regard to the mandatory requirement of duly cautioned has been fully complied with.

Accordingly, the writ of habeas corpus *ad subjiciendum* heretofore awarded is discharged and the petitioner is remanded to the custody of the Warden of the State Penitentiary at Moundsville.

Judge Given participated in the majority decision in this case but his death occurred before the opinion was prepared, approved and announced.

*Writ discharged.*

BROWNING, JUDGE, dissenting:

I dissent. I emphatically disagree with the 4th syllabus point of this opinion.

The recidivist law in this state is contained in Code, 61-11-19, as amended, and since it is quoted in the majority opinion it will not be repeated here. In *State* v. *Blankenship*, 137 W. Va. 1, 69 S. E. 2d 398, the defendant was convicted in the criminal court of McDowell County of murder of the second degree. Thereafter the prosecuting attorney of that county filed an information to the effect that the defendant had been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, and ". . . upon being asked if he was the same person who had been previously convicted of each of two offenses punishable by confinement in a penitentiary, the defendant in open court *acknowledged* that he was the person who had been previously so convicted." (Italics supplied.) The trial court sen-

tenced the prisoner under the habitual criminal statute to imprisonment for the remainder of his life but upon writ of error to that judgment the circuit court of McDowell County set aside the sentence of life imprisonment". . . . on the ground that the defendant, before he was questioned as to his identity in connection with two prior convictions, had not been duly cautioned as required by the statute, but refused to set aside the verdict and grant the defendant a new trial and remanded the case to the criminal court for the entry of a judgment of imprisonment in compliance with the requirements of the habitual criminal statute. Upon the remand the defendant, *after being duly cautioned, again acknowledged* in open court that he was the same person who had been twice previously convicted in the United States of a crime punishable by confinement in a penitentiary." The defendant was then resentenced to life in the penitentiary, the circuit court of McDowell County refused a writ of error and this Court, after granting a writ of error to the last mentioned order, affirmed the circuit court. This Court found no merit in defendant's contention that he should have been previously notified that the state would present an information against him, the Court stating with reference to the pertinent procedure "the information was presented to the court by the prosecuting attorney immediately after the defendant was convicted and before he was sentenced and during the same term of court at which he was convicted as provided by the statute. The defendant was personally present when the information was presented and he, of course, knew whether he had been previously convicted as charged. He was *also duly cautioned* and freely acknowledged in open court that he was the same person. . . ." (Italics supplied.)

The *Blankenship* case came to this Court upon writ of error, however *State ex rel. Cox* v. *Boles, Warden,* 146 W. Va. 392, 120 S. E. 2d 707, was an original proceeding in habeas corpus. In the *Cox* case no written information was filed and this Court held that the additional five year sentence imposed by the trial court for conviction of a previous felony was void. Judge Haymond, who wrote the opinion for the Court, in construing the applicable statute said: "It

affirmatively appears, however, from the record in this proceeding and the stipulation in writing between the attorney for the petitioner and an assistant attorney general that no information concerning the prior conviction and sentence of the petitioner was ever filed by the prosecuting attorney and that the petitioner, *before he acknowledged his identity* as the person who had been previously *convicted and sentenced, was not duly cautioned by the court. These two mandatory requirements of the statute were not complied with in connection with the imposition of the additional five year period of confinement;* and for that reason the circuit court was *without jurisdiction* to impose that additional confinement upon the petitioner and that portion of the sentence imposed by the judgment entered February 18, 1959, is void and of no force and effect." (Italics supplied.)

In *Spry* v. *Boles, Warden* (C. A. 4, 1962), 299 F. 2d 332, the Court had before it for consideration a writ of habeas corpus filed by Spry, a prisoner in the West Virginia State Penitentiary. The writ was granted by that Court and the respondent was ordered to release the prisoner. The reason for such action is stated in the Court's opinion and will be quoted verbatim:

"The act in question requires that the prisoner be 'duly cautioned'. We are satisfied that this requirement is mandatory and that if the petitioner was not duly cautioned prior to his admission of his identity and prior to the imposition of the life sentence then the failure to do so denied to the prisoner 'due process of law' and consequently the sentence imposed under the statute was void. This view of the law is confirmed by that of the Supreme Court of West Virginia in State ex rel. Cox v. *Bowles,* W. Va., 120 S. E. 2d 707 (1961). In that case there was no written information filed and the defendant was not 'duly cautioned'. The Court said:

" 'These two mandatory requirements of the statute were not complied with in connection with the imposition of the additional five year period of confinement; and for that reason the circuit court was without jurisdiction to impose that additional confinement upon the petitioner and that portion of the sentence imposed by the

judgment entered February 18, 1959, is void
and of no force and effect.'

"Since we are bound by that Court's interpretation
of this statute, Johnson v. Tucker, Warden, 249 F.
2d 650 (4 Cir. 1957), there can be no doubt that the
life sentence was *void* if the petitioner was not 'duly
cautioned'."

It is apparent from the language of the statute and the
decisions heretofore cited that the allegations contained in
the information are not the subject of a "plea" such as the
allegations contained in an indictment. It seems clear that
the words "duly cautioned" require the trial judge to inform
the prisoner of the consequences of his acknowledgment
that he is the same person alleged to have been convicted
of a previous felony or felonies. The following quotation
from the statute, "or *after being duly cautioned if he ac-
knowledged* in open court that he is the same person," con-
clusively shows that something more than an acknowledg-
ment of identity is necessary. (Italics supplied.).

The Court, in its opinion in the instant case, after stating
that the term "duly cautioned" had never been construed
by this Court proceeded to do so in this language: "We
therefore hold that the statutory provision regarding 'duly
cautioned' contained in the statute in question has been fully
met when a written information has been filed and the court
has advised the accused of the filing of an information with
regard to the former conviction and sentence or convictions
and sentences, and cautions or advises the accused of each
separate former conviction and sentence pertaining to each
offense, charge and place of confinement, before the accused
acknowledged that he is the same person formerly convicted
and sentenced. Any other interpretation or construction of
the statute in question would not be justified." It is my
opinion that such an interpretation of that mandatory pro-
vision in our recidivist statute completely reads out of the
statute the words "duly cautioned" and that the Court is
holding that all that is necessary is that the prisoner *ac-
knowledge* that he is the same person. Certainly this is the
type of statute that must be construed most strongly against
the state and in favor of the prisoner, and when this Court

held in *State* v. *Graham,* 68 W. Va. 248, 69 S. E. 2d 1010, that the original habitual criminal act was constitutional it may be assumed that it did so with the understanding that the phrase "duly cautioned" meant something in addition to the word "acknowledged". At the risk of unnecessary repetition, the statute so states in the following clear and unambiguous language: ". . . or after being duly cautioned if he acknowledged in open court that he is the same person the court shall sentence him to such further confinement as is prescribed by section 18 of this article on a second or third conviction as the case may be."

Penal statutes are to be construed strictly against the state and favorably to the liberty of the citizen. *State* v. *Mason,* 141 W. Va. 217, 89 S. E. 2d 425. "It is well established that in the interpretation of a statute significance and effect shall be accorded, if possible, to every section, clause, word or part of the act." Syl. Pt. 3, *State* v. *Jackson,* 120 W. Va. 521, 199 S. E. 876. In *State* v. *General Daniel Morgan Post No. 548, etc.,* 144 W. Va. 137, 107 S. E. 2d 353, this Court quoted with approval the following statements from 17 M. J. Statutes, § 42: "In the interpretation of a statute, effect shall be given, if possible, to every section, clause, word or part of the statute. . . Every part of an act is presumed to be of some effect and is not to be treated as meaningless unless absolutely necessary . . . Courts are justified in rejecting any part of a statute as unnecessary and irrelevant only as a last resort when it has been found impossible to give effect to all the language used and reach a rational conclusion. . . :"

Diligent research indicates that no other appellate court has attempted to define or interpret the words "duly cautioned" when used together in a statute. However, the word "duly" has been held many times to have acquired a fixed legal meaning and when used before any word implying action means that the act is to be done properly, regularly and according to law. See "Duly," Words and Phrases, Vol. 13. The word "caution", when appearing in a criminal statute, has apparently not been construed. The 3rd and 4th definitions thereof in Webster's New International Dictionary, Second Edition, are as follows:

"3. A precept or warning against evil of any kind; an exhortation to wariness; something, as a word, act, or command, that conveys a warning.

"4. Careful attention to the probable effects of an act, in order that failure or harm might be avoided; prudence in regard to danger; provident care; wariness; cautiousness."

Among the synonyms listed are: ". . . counsel, advice, warning, admonition". It will be observed that, while neither of the above quoted definitions precisely fit the situation described in the statute, when read in context, the synonyms show a meaning which is necessary to give the word any effect.

It has been held many times by the Supreme Court of Illinois that the words "duly admonished" appearing in a Court order, without more, show compliance with a statutory provision which forbids the acceptance of a plea of guilty "until the court shall have fully explained to the accused" the consequences of his plea. Annotations, Chapter 38, § 732, Criminal Code, Smith-Hurd, Illinois Annotated Statutes. While perhaps reasoning in reverse, the word "caution" has also been equated therewith. In its holding in the case of *People* v. *Pennington,* (Ill.) 107 N. E. 871, 872, the Court said: ". . . The words 'duly admonished' have a well defined meaning when used in this connection. The word 'duly' has acquired a fixed legal meaning, and when used before any word implying action it means that the act was done properly, regularly and according to law. . . One of the common and well-understood meanings of the word 'admonish' is to caution or advise. . . The recital in this record that the defendant entered his plea of guilty to the charge in the indictment, and 'having been duly admonished by the court' persisted therein, shows conclusively that the court fully explained to the plaintiff in error the consequences of entering such a plea, as that was the only caution or advice which the law required the court to give him at that time."

Without attempting to define the words "duly cautioned" as used in the statute, since the majority opinion renders this unnecessary, suffice to say, that such words mean more

than merely requiring the trial court to read the information to the prisoner and inquire if he is the same person.

Believing as I do, upon the writ of habeas corpus heretofore issued, the prisoner having served the maximum sentence provided by statute for the crime for which he was convicted, I would grant the relief requested by the prisoner and direct the respondent, the Warden of the West Virginia State Penitentiary, to forthwith release the prisoner.