Paul Homer CRABTREE, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.

No. 9519.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1964.

Decided Nov. 20, 1964.

James J. Harkins, Wheeling, W. Va. (Court-assigned counsel), for appellant.

George H. Mitchell, Asst. Atty. Gen. of W. Va. (C. Donald Robertson, Atty. Gen. of W. Va., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and GORDON, District Judge.

GORDON, District Judge.

The petitioner, Paul Homer Crabtree, appeals from a judgment of the District Court for the Northern District of West Virginia dismissing, after hearing, a petition for a writ of habeas corpus. The decision of the District Court is affirmed.

The petitioner, upon his plea of guilty, was convicted of the felony of forgery on November 13, 1957, in the Circuit Court of Lincoln County, West Virginia. After the plea of guilty and at the request of the Prosecuting Attorney made at the proceedings, the Court continued the cause for sentencing to November 20, 1957, for the purpose of permitting the Prosecuting Attorney to prepare and file an information charging former convictions and invoking the provisions of the Habitual Criminal Act of West Virginia. (West Virginia Code, Chapter 61, Article 11).

The Prosecuting Attorney prepared such an information charging two prior convictions, one in West Virginia and the other in the State of Washington. A copy of the information was delivered to petitioner's counsel several days prior to November 20. On the morning of November 20, the petitioner was advised by his counsel that if he admitted the prior convictions, he would be sentenced to life imprisonment.

When the case was called, the Court permitted the information to be filed. The trial court then advised the petitioner that if he acknowledged his identity with the person named in the record of

prior convictions the Court "was required to sentence him to further confinement as prescribed by statute on a third conviction." The Court also advised petitioner that he was entitled to a jury trial of the issues if he did not acknowledge his identity. The information was then read and, thereafter, the Court inquired of the petitioner whether the allegations were true. Petitioner acknowledged his identity with respect to one conviction but denied the other. The Court then asked the Prosecuting Attorney if he were ready to proceed with a jury trial on the issue, and the Prosecuting Attorney asked for further time, remarking that he had several other records of conviction which he might want to include. At this point the Court requested petitioner's counsel to confer with petitioner, because it appeared that petitioner did not fully understand the proceedings. The petitioner and his counsel retired to the witness room and conferred. Petitioner and his counsel returned to the courtroom and the questions were again propounded. The petitioner admitted his identity with the person involved in both convictions, and the Court imposed the life sentence.

Afterward, the petitioner filed a habeas corpus application in the Supreme Court of Appeals of West Virginia. His petition was denied; thereupon, the Supreme Court of the United States granted his writ of certiorari. However, the Court affirmed the constitutionality of his life sentence. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). The petitioner then filed for a writ of habeas corpus in the District Court for the Northern District of West Virginia. His petition was dismissed, and this appeal was made.

The petitioner contends that he was denied due process of law under the Fourteenth Amendment as he was not duly cautioned by the trial court at the time of his sentencing. In Spry v. Boles, 4 Cir., 299 F.2d 332 (1962), this Court in interpreting the provisions of the Ha-

bitual Criminal Act of West Virginia, supra, held that the statutory requirement that the prisoner be duly cautioned was jurisdictionally mandatory, citing State ex rel. Cox v. Boles, 146 W.Va. 392, 120 S.E.2d 707 (1961). This Court also held that if the prisoner was not duly cautioned prior to his admission of his identity and prior to the imposition of sentence, then the failure to do so denied to the prisoner due process of law.

Later this Court had occasion to consider the due process requirement of duly cautioning the accused before receiving his admission of other convictions. Notwithstanding the holding of the Supreme Court of Appeals of West Virginia that the defendant was "duly cautioned" under that Court's interpretation of the statutory phrase,[1] this Court held on habeas corpus that instructing the defendant to "pay attention" failed to meet the due process requirement of duly cautioning the accused in recidivist proceedings. Mounts v. Boles, 4 Cir., 326 F.2d 186 (1963). The petitioner herein contends that this case is controlled by Mounts v. Boles, supra. This Court is not in agreement.

In the Mounts v. Boles case, supra, the trial court did not tell the petitioner of the effect of the recidivist statute or of his rights thereunder. In the present case, the evidence shows that the trial court had duly cautioned the petitioner, and the petitioner knew that there were serious consequences provided under the recidivist statute. First, the petitioner's counsel knew that the trial court continued the cause from November 13, 1957, to November 20, 1957, to allow the Prosecuting Attorney an opportunity to prepare an information charging former convictions. Second, several days prior to November 20, 1957, the petitioner's counsel received a copy of the information. Third, on the morning of November 20, petitioner's counsel reviewed the information with him and informed petitioner of its import and that confinement would ensue if a guilty plea were

1. State ex rel. Mounts v. Boles, 126 S.E.2d 393 (W.Va.1962).

entered. Fourth, when the case was called, the trial court informed the petitioner that if he admitted his identity with the person charged with the prior convictions in the information, the Court would have to impose further confinement in accordance with West Virginia law. The trial court also advised the petitioner that he was entitled to a jury trial of the issues if he did not acknowledge his identity.

■■ Fifth, when the petitioner denied one of the convictions and the Prosecuting Attorney asked for time in order that he might add other records of convictions, the trial court requested petitioner's counsel to confer with petitioner because the trial court felt that petitioner did not understand the proceedings. After conferring with counsel, petitioner then admitted both convictions. From these facts, there can be no doubt that the petitioner was duly cautioned by the trial court and was given constitutional due process of law. This Court cannot reject findings of fact by the District Court in habeas corpus proceedings unless the findings are clearly erroneous. Federal Rules Civil Proc., Rule 52, 28 U.S.C.A. Considering broadly the treatment accorded the petitioner, the Court cannot find that there was such fundamental unfairness as to amount to a deprivation of due process of law.

It should be noted that the Supreme Court of the United States in Oyler v. Boles, supra (beginning at bottom of page 450 of the U. S. Report, 82 S.Ct. page 503), stated that "The trial judge, after cautioning Crabtree of the effect of the information and his rights under it, inquired if he was in fact the accused person." As the District Court judge stated in his opinion, this Court feels that this finding should be given some weight as indicia that the Supreme Court found no violation of due process in the trial court's failure to warn petitioner specifically that he faced life imprisonment.

The prisoner's only contention is that the Court, while fully informing him of his rights, informed him only that upon a finding that he had previously been convicted of penal offenses, additional punishment would be imposed. It did not go further and inform him that the additional punishment would be life imprisonment. His lawyer had told him that, and Crabtree knew what the additional punishment would be. Even so, the Court, itself, clearly informed him of the serious consequences of an admission of the prior convictions, a fact which was wholly lacking in Mounts v. Boles, supra. The admonition was solemn and effective, satisfying the fundamental fairness requirement of due process.

For the reasons stated herein, the decision of the District Court is affirmed.

Affirmed.