John Harry HOOKER, Appellant,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.

No. 9823.

United States Court of Appeals Fourth Circuit.

Argued April 6, 1965.

Decided May 31, 1965.

Arthur T. Ciccarello, Charleston, W. Va., for appellant.

George H. Mitchell, Asst. Atty. Gen. of West Virginia, (C. Donald Robertson, Atty. Gen. of West Virginia, on brief), for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and STANLEY, District Judge.

PER CURIAM:

Petitioner, John Harry Hooker, appeals from a judgment of the District Court for the Northern District of West Virginia dismissing, after a hearing, his habeas corpus petition. For reasons hereinafter stated, we think the judgment must be reversed.

On June 29, 1955, petitioner was found guilty of breaking and entering, the maximum penalty for which offense was confinement in the penitentiary for a period of ten years. When the jury verdict was returned, petitioner's employed counsel made a motion to set it aside and grant a new trial. The court

set the motion down for argument on July 5. According to the District Court's findings of fact, the state court at that time sentenced petitioner for an indeterminate term of from one to ten years in the state penitentiary as provided by statute. W.Va.Code § 5953 (Michie 1961).[1] On the same day, June 29, the prosecuting attorney tendered for filing an information charging petitioner with two prior felony convictions. The information was not then received by the court, but a copy of it was given to petitioner's attorney. Under the state habitual criminal statute, these prior convictions, if admitted by petitioner or if he denied them and the state proved to the satisfaction of a jury that he was the same person charged in the information, would compel the court to sentence petitioner to imprisonment for the remainder of his natural life. W.Va.Code §§ 6130 and 6131 (Michie 1961).

On July 5 the court heard arguments on petitioner's motion for a new trial which motion was immediately denied. Thereupon, the prosecuting attorney again presented the recidivist information which the court accepted. Thereupon, the court directed petitioner to the witness stand and asked him if he was the same person charged in the information with having been convicted of the prior offenses. Petitioner admitted that he was and the court proceeded to sentence him to prison for life.

In his petition for habeas corpus filed in the District Court, petitioner alleged that the life sentence was void as the state court was without jurisdiction because it failed to "duly caution" him of his rights as required by the recidivist statute and that such failure was a denial of due process under the Fourteenth Amendment. The District Court specifically found that the state court did not inform petitioner of the nature and effect of the proceedings nor caution him as to his rights to remain silent and to a jury trial on the issue of his identity. It de-

nied petitioner relief, however, on the ground that petitioner's attorney, after receiving a copy of the information, had fully and plainly informed him of the nature of the recidivist proceeding and of his rights under the statute and that due process did not require the court to perform a supererogatory act of reiteration.

Regardless of the fundamental fairness required in a proceeding to constitute due process of law, no authority need be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable. We think the state court in the present situation was without jurisdiction to impose a life sentence on the petitioner based on the statute in question. The jurisdiction of a trial court in West Virginia to impose upon a person convicted of a crime a sentence in addition to and in excess of the statutory penalty provided for the substantive offense of which he stands convicted depends upon and derives from the recidivist statute. State ex rel. Beckett v. Boles, 138 S.E.2d 851 (W.Va.1964). That statute requires that, before a convicted person acknowledges in open court that he has been convicted of prior offenses charged against him in an information filed by the prosecuting attorney, he be "duly cautioned" and in Spry v. Boles, 4 Cir., 299 F.2d 332 (1962), this court held, based on West Virginia law, that this requirement is jurisdictionally mandatory. A reasonable construction of that statute in our view required the *trial court* to "duly caution" the convicted person to preserve its jurisdiction. As the trial court failed to "duly caution" petitioner within the meaning of the statute, the life sentence is void.

This construction is supported by the West Virginia Supreme Court's interpretation and application of the statute. In State ex rel. Mounts v. Boles, 126 S.E.2d 393 at page 398 (W.Va.1962), a decision which this court declined to

---

1. We find no support for this finding in the trial court's record although petitioner testified to that effect.

approve for a reason not pertinent to the portion quoted below, the court stated:

"We therefore hold that the statutory provision regarding 'duly cautioned' contained in the statute in question has been fully met when a written information has been filed and *the court has advised* the accused of the filing of an information with regard to the former conviction and sentence or convictions and sentences, and *cautions* or *advises* the accused of each separate former conviction and sentence pertaining to each offense, charge and place of confinement, before the accused acknowledged that he is the same person formerly convicted and sentenced. Any other interpretation or construction of the statute in question would not be justified. * *" (Emphasis added.)

From the language quoted above, it is clear that the *court* must perform the task of advising and cautioning the defendant. Once this is done the jurisdictional requirement is satisfied and the question then is whether the court's explanation was sufficient to satisfy the fundamental fairness requirements of due process. In Mounts v. Boles, 326 F.2d 186 (4 Cir. 1963), this court held that the state court had not adequately cautioned the accused. A recent decision of the West Virginia court was even more explicit in holding that it must be the trial court which "duly cautions" the prisoner in order to comply with the jurisdictional requirement of the statute. State ex rel. Beckett v. Boles, 138 S.E.2d 851 (W.Va.1964). There, the facts were almost identical to those in the present situation. Petitioner pleaded guilty to the indictment charging breaking and entering. The prosecuting attorney filed an information which charged the petitioner with three prior convictions. Court appointed counsel discussed the prior offenses and the effect of the recidivist statute with the petitioner. The West Virginia Supreme Court held that the life sentence given under the statute was void even though the state trial court had stated in its judgment that the petitioner had been "duly cautioned," a factor not present in the instant case. In so doing, the court looked behind the conclusory statement in the judgment to the trial record. The record revealed that the lower court had merely asked the petitioner if he was the same person who had been convicted of the prior offenses. On such clear authority we feel compelled to hold that the state court was without jurisdiction to impose the *life* sentence upon petitioner in the instant case. Clearly, however, the court had jurisdiction to sentence the petitioner on the substantive charge of which he was convicted.

In considering the effect of the imposition of a void life sentence and declaring the state law with respect thereto, the Supreme Court of Appeals of West Virginia, in State ex rel. Beckett v. Boles, supra, 138 S.E.2d 851, held that only that portion of the *life* sentence in excess of the maximum sentence provided by statute for the principal offense of which the prisoner had been convicted was void and could not be enforced; that the prisoner must be released after completely serving the valid portion of the sentence.

We conclude that this case must be remanded to the District Court so that it may order petitioner's release if it appears that he has served the valid portion of his sentence; otherwise the Court should remand the petitioner to the custody of the Warden to serve the remaining portion of the valid sentence.

Reversed and remanded.