**Charles Ray CARROLL, Appellant,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Appellee.**

**No. 9693.**

United States Court of Appeals
Fourth Circuit.

Argued April 6, 1965.

Decided June 11, 1965.

J. D. Miller, Wheeling, W. Va. (Court-assigned counsel), for appellant.

George H. Mitchell, Asst. Atty. Gen. of West Virginia (C. Donald Robertson, Atty. Gen. of West Virginia, on brief), for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and STANLEY, District Judge.

PER CURIAM.

On June 25, 1957, in the Circuit Court of Preston County, West Virginia, petitioner Carroll entered a plea of guilty to a charge of breaking and entering, the statutory penalty for which offense is confinement in the penitentiary for an indeterminate term of from one to ten years. The court accepted the plea but, at the request of the prosecuting attorney, continued the case for sentencing to June 26 to allow the prosecutor time to prepare an information charging petitioner with two prior felony convictions. These prior convictions, if admitted by petitioner or if he denied them and the state proved his identity to the satisfaction of a jury, would invoke the state habitual criminal statute and compel the court to sentence petitioner to imprisonment for life. W.Va.Code, §§ 6130 and 6131 [61–11–18, 61–11–19] (Michie 1961). On June 26 the recidivist information was filed and at that time petitioner, in answer to questions propounded by the court, acknowledged he was the same person who had been convicted of the prior offenses stated in the information. Based on these admissions petitioner was sentenced to life imprisonment.

In a habeas corpus petition filed in the District Court for the Northern District of West Virginia on August 28, 1964, petitioner alleged that the life sentence was void as the state court lacked jurisdiction because it failed to "duly caution" him of his rights and the consequences of his admissions as required by the statute in question and that this failure was also a denial of due proces of law. The District Court concluded that, based on testimony taken at a hearing, the judge of the state trial court had cautioned petitioner as to the nature and effect of the recidivist proceedings. The petition was dismissed. We think the facts and circumstances of the case do not support the conclusion and that the petition was improperly dismissed.

This same issue has been before this court on prior occasions. In Hooker v. Boles, 346 F.2d 285 (decided May 31, 1965), we held that the state court must "duly caution" the prisoner to preserve its jurisdiction under the statute. This mandatory jurisdictional requirement was first recognized in Spry v. Boles, 4

Cir., 299 F.2d 332 (1962), wherein this court also stated that the failure to caution the prisoner "prior to his admission of his identity and prior to the imposition of the life sentence * * * denied to the prisoner 'due process of law' and consequently the sentence imposed under the statute was void." 299 F.2d at 334. As to the minimum requirements of due process and fundamental fairness, this court stated in Mounts v. Boles, 4 Cir., 326 F.2d 186 (1963), at page 188:

"* * * To satisfy the minimum requirements of fundamental fairness under the circumstances the prisoner should have been told of his right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury. Furthermore, he should have been told that the consequences of his admissions would be a mandatory life sentence. * * *"

These principles were recently applied in Crabtree v. Boles, 4 Cir., 339 F.2d 22 (1964), where the court concluded from the facts in that case that the prisoner had been "duly cautioned."

In the above cited cases the ultimate factual issue was whether the prisoner was "duly cautioned." So it is in the instant case a question of fact. The sentencing court's record may, and sometimes does, supply the information necessary to a determination. A transcript of the recidivist proceedings may clearly disclose that a sufficient explanation or warning was given. In the absence of reliable record disclosures, the District Court must rely upon proper evidence presented at a hearing and determine, from a preponderance thereof, the issue at hand.

The District Court's finding that petitioner had been cautioned was based on the testimony of the prosecuting attorney and the Clerk of the Circuit Court of Preston County given at the hearing below. These two witnesses, the petitioner and one of his appointed state court counsel were the only persons to testify. The testimony was in conflict. If the testimony of these witnesses was the only evidence presented, we would accept the District Court's finding. However, we conclude that the court did not accord to other evidence the full weight to which it was entitled, evidence which did not involve the element of fallibility of human memory.

■■ Although there was no *official reporter's transcript* of the recidivist proceedings in the state court, there was in the record a written statement prepared and signed by the clerk and dated June 26, 1957. This statement appears to be, and was obviously intended to be, a complete chronological recital of the events which occurred on June 26 at the recidivist proceedings, even including counsel's objections as to the validity of one of the prior convictions. Nowhere in this seemingly comprehensive written statement did the clerk state facts which would show petitioner had been informed or cautioned as to his rights. It does not even contain the conclusory statement that petitioner was "duly cautioned." To disregard this comprehensive statement which was a formal part of the court record and rely upon the ability of witnesses to recall what actually occurred approximately eight years earlier would not, in our view, be justified, particularly where the sentence controls and disposes of the whole of the prisoner's remaining life. This document discloses with scarcely less certainty than a reporter's transcript what occurred on the day in question and, as stated, it does not disclose that petitioner was cautioned in any manner. We think the District Court's finding was clearly erroneous and lacks proper evidentiary support. Consequently, the life sentence is void as the court was without jurisdiction to impose it.

■ The record reveals that petitioner has served his valid sentence for the substantive offense of breaking and entering as he is entitled to and has been credited with time off for good behavior and for working as a "trusty." Therefore, he is entitled to his immediate release. The respondent Warden is so directed.