**Clarence J. JONES, alias "Tiz Jones," Petitioner,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 664–E.**

United States District Court
N. D. West Virginia.

Aug. 18, 1966.

No attorney for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, George H. Mitchell, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Clarence J. Jones, also known as "Tiz" Jones, is presently in the custody of the Respondent, serving two indeterminate sentences of not less than one year, nor more than ten years, upon two separate convictions for breaking and entering. These sentences are being served concurrently. Jones, however, also is faced with the prospect of additionally serving two definite term concurrent five year sentences, based on the state recidivist provisions contained in West Virginia Code,

Chapter 61, Article 11, Sections 18 and 19 (Michie's ed. 1961, sections 6130 and 6131).[1]

The underlying facts in this civil action are as follows: On November 9, 1957, Jones was given an indeterminate one to ten year sentence at the West Virginia State Penitentiary, by the Monroe County Circuit Court, after having been convicted by a jury for one breaking and entering charge. In view of a prior felony conviction and sentence in April, 1947, an information also was filed against Jones by the Monroe County Prosecuting Attorney, and Jones was then given an "additional term of five years," pursuant to the above-cited recidivist statute, to be served "upon completion of the (one to ten year) sentence."

In January, 1958, Jones was also convicted by another jury on another breaking and entering charge, this time in the Circuit Court of Summers County, West Virginia. Jones, consequently, was given a second one to ten year sentence at the West Virginia State Penitentiary, to be served concurrently with the breaking and entering sentence already imposed by the Monroe County Court. Again an information was filed, but rather than attempt to impose a life sentence based on the two prior convictions and sentences, i. e., April, 1947, and November 9, 1957, as are contemplated by the above-cited West Virginia Code provisions for three time offenders, the Judge of the Summers County Circuit Court chose to impose a five year recidivist sentence, based on the April, 1947, conviction and sentence. This recidivist sentence also was to be served concurrently with the recidivist sentence already imposed by the Monroe County Court.

In May, 1966, after having exhausted available state remedies, Jones petitioned this Court for federal habeas corpus relief. His petition is twofold. First, he argues that the five year recidivist sentence imposed by the Summers County Circuit Court is the same five year sentence imposed by the Monroe County Circuit Court, and that he, therefore, twice has been placed in jeopardy for the same offense. This contention, however, plainly fails to establish any Constitutional deprivation. Secondly, Jones argues that he was not "duly cautioned" in either the Monroe County or Summers County recidivist proceedings, as is required by the West Virginia Code, Chapter 61, Article 11, Sections 18 and 19 (Michie's ed. 1961, sections 6130 and 6131), for jurisdiction purposes, and by the due process requirements under the Fourteenth Amendment, Hooker v. Boles, 346 F.2d 285, 287 (4th Cir. 1965). This contention, unlike the first, is not frivolous.

■ Furthermore, Jones undoubtedly has standing to complain. Although Jones apparently is not now serving his two recidivist sentences,[2] he may still attack their Constitutional impropriety since, under West Virginia Code, Chapter 62, Article 12, Section 13 (Michie's ed. 1961, section 6291 [20]), they have the effect of deferring his eligibility for parole from his present incarceration. Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965).[3]

1. There is nothing in the record to indicate that Jones technically has served his obligation under the breaking and entering sentences and that he is now serving his recidivist sentences. The Court does not make this assumption.

2. See footnote 1, ante.

3. By way of further clarification, the Court notes the following.

If Jones was presently serving the two recidivist sentences, he obviously would have standing to complain.

Here, however, where it appears that Jones has not yet started to serve these sentences, he still has standing in view of *Martin*. Under the above-cited West Virginia Code provision, setting out eligibility for parole, a prisoner must serve one-third of a definite term sentence before his case can be brought before the state parole board. Since Jones apparently has served no part of the definite term, five year, recidivist sentences, he would not be eligible for parole from his present incarceration, even though he technically is eligible for parole from the indeterminate breaking and entering sentences under further provisions of the above-cited parole statute. The reason

Directing the Respondent's attention to the second contention, therefore, the Court, on May 23, 1966, issued a show cause order, specifically requesting that copies of Jones' recidivist proceedings, if available, be submitted to the Court.

On July 27, 1966, the Respondent answered, generally denying the Petitioner's contention that Jones had not been "duly cautioned" and submitting attested copies of Jones' recidivist proceedings.

After examining these transcripts, the Court is left with the opinion that Jones was not "duly cautioned" according to Constitutional requirements.

To a large extent, the rationale which has led the Court to this conclusion has been articulated in the case of Meadows v. Boles, D.C., 255 F.Supp. 173 (decided June 22, 1966), where the Court also had to determine what is required by "due caution." There, it was held that to satisfy the requirements of the Fourteenth Amendment the prisoner should be cautioned of his right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury. Mounts v. Boles, 326 F.2d 186, 188 (4th Cir. 1963).

It was also stated in Meadows v. Boles that to satisfy due process requirements the trial court itself, and not the defense attorney, must caution the prisoner of these rights. Hooker v. Boles, 346 F.2d 285 (4th Cir. 1965).

 After examining the transcripts of Jones' two recidivist proceedings, the Court notes that in both instances the state trial courts, before imposing the recidivist sentences upon Jones, asked only whether he, in fact, was the named defendant. In neither case did they specifically inform Jones of his "right to admit, or to deny, or remain silent and have the issue of his identity submitted to a jury", as is necessitated by Mounts v.

for this situation, of course, is that a technical "parole" from his breaking and entering sentences immediately would have to be interrupted by further incarceration for his completely unserved definite term recidivist sentences.

Boles, supra, 326 F.2d 186, 188. In both cases under consideration, the trial courts seem to have committed error, which was the subject of Hooker v. Boles, supra, by assuming that they could rely on the defense attorneys' having "duly cautioned" their client. It has been and is held that due process will not warrant this short cut.

For these two reasons, therefore, this Court has determined that Jones' two recidivist sentences are constitutionally impermissible. Since Jones presently is serving what appear to be valid sentences, however, he will not be entitled to his immediate release.

An order will be entered, therefore, voiding only his recidivist sentences and leaving undisturbed the statutory indeterminate breaking and entering sentences under which he is currently incarcerated.

In keeping with the spirit of *Martin*, therefore, the Court must conclude that Jones does have standing to complain of his recidivist sentences.