Charles Eugene MARTIN, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 666-E.

United States District Court

N. D. West Virginia.

Sept. 27, 1966.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen., George H. Mitchell, Asst. Atty. Gen., Charleston, W. Va., for respondent.

## MEMORANDUM

MAXWELL, Chief Judge.

Petitioner, Charles Eugene Martin, is presently serving a life sentence in Respondent's custody following conviction as an habitual offender under West Virginia Code, Chapter 61, Article 11, Section 19 (Michie's ed. 1961, section 6131).

The habeas corpus petition filed in this Court designates three grounds for relief. First, it is alleged that Petitioner was not "duly cautioned" as to his rights to silence and to a jury determination of his identity prior to his conviction under the recidivist charge as required by the above statute. Secondly, Martin claims the conviction is invalid because the information was not filed at the same term of court at which he was convicted for second degree murder, as further required by the same statute. Finally, Petitioner alleges denial of the effective assistance of counsel in that his attorney permitted imposition of the recidivist life imprisonment sentence without securing the trial court's disposition of a motion to set aside the verdict.

██ Pursuant to a show cause order, specifically requesting a transcript of the recidivist proceedings, Respondent filed his answer generally denying Petitioner's contentions and submitting attested copies of the transcript of the recidivist proceedings. Subsequently, Petitioner filed a traverse to the answer.[1]

Petitioner was found guilty of second degree murder in the Intermediate Court for Kanawha County on December 11, 1959, at which time his counsel moved to set the verdict aside. In his petition, Martin states that on December 23, 1959, the State filed a recidivist information in the same court alleging two prior felony convictions and that the trial court failed to "duly caution" him prior to his admission of identity. Finally, Petitioner states that on January 7, 1960, in what he claims was a new term of court, the recidivist information was again filed and he was sentenced to life imprisonment following a second admission of identity.

██ Although it appears that Martin has not exhausted his state remedies in accordance with our decision in Miller v. Boles, 248 F.Supp. 49 (N.D.W.Va. 1965),[2] this omission is not material here, since the claims raised are settled conclusively by the transcript[3] furnished by

1. In his traverse, Petitioner sets forth two new contentions, neither of which have merit. First, his contention that the recidivist sentence was void because he was not sentenced first on the second degree murder verdict is shown to be erroneous by the clear wording of the habitual offender statute, West Virginia Code, Chapter 61, Article 11, Section 18 (Michie's ed. 1961, section 6130). After first requiring filing of the information "immediately upon conviction and before sentence," the cited section concludes as follows:

    When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

    Secondly, Petitioner's reference to the fact that his attorney assisted the trial judge in obtaining his admission of identity is no basis for finding ineffective assistance of counsel, particularly in view of the complete "due cautioning" given him by the court prior thereto.

2. The record reveals that, prior to this petition, Petitioner was denied a writ of habeas corpus by the West Virginia Supreme Court of Appeals on March 28, 1966. There is no evidence of a petition to a state circuit court equipped to hold full evidentiary hearings. However, as in Meadows v. Boles, 255 F.Supp. 173, at 177 (N.D.W.Va.), such a hearing is not required in this case.

3. Petitioner has submitted with his petition unattested papers purporting to be copies of minutes by the Clerk of the Intermediate Court for Kanawha County of the December 23, 1959, and January 7, 1960, proceedings. Being unattested, they are of no evidentiary value. Nevertheless, this Court observes that the unsworn "copy" of the December 7 minutes fails to mention that the court "duly cautioned" Petitioner. This omission, *assuming this is an accurate copy*, might have been sufficient to require a hearing, were it not for the fact that the attested copy of the transcript for December 7 clearly discloses that Petitioner was, in fact, duly cautioned.

Respondent and the need for an evidentiary hearing is absent. The verbatim account of a transcript would appear to be the most reliable evidence in arriving at factual determinations of such issues as are here presented. Carroll v. Boles, 347 F.2d 96, at 98 (4th Cir. 1965).

■ Petitioner's first allegation, failure to "duly caution," is clearly shown to be groundless by the transcript of the December 23, 1959, proceeding. After reporting the filing of the recidivist information, the transcript quotes the court as follows:

And under this information if you plead guilty to the information, together with your conviction for murder in the second degree, then it will be incumbent on the Court to sentence you to the penitentiary of this state for life.

On the other hand, if you plead not guilty, or remain silent the Court will impanel a jury to determine whether or not you were the same person convicted of each of the two former felonies; then of course the judgment of the Court would rest upon the finding of the jury.

It is difficult to imagine a more complete cautioning. Clearly it complies fully with both the jurisdictional requirements as defined by the West Virginia Supreme Court of Appeals, State ex rel. Beckett v. Boles, 149 W.Va. 112, 138 S.E.2d 851 (1964), and the requirements of due process, Mounts v. Boles, 326 F.2d 186, 188 (4th Cir. 1963). See also Meadows v. Boles, 255 F.Supp. 173 (N.D.W.Va. 1966).

■ Martin's second contention, that the recidivist information was filed in a subsequent term of court, is also negated by the December 23, 1959, transcript which makes clear that both that proceeding and the conviction on December 11, 1959, took place during the September, 1959, Term. Moreover, since Petitioner has alleged that the recidivist information was again filed on January 7, 1960, this Court has ascertained that this date also fell within the September, 1959, Term. The terms of court prescribed by the West Virginia Legislature indicate that the September Term of the Intermediate Court for Kanawha County was still in session and that it is not until the second Monday of January that the January Term begins (calendar reference to the year in question indicates that day fell on January 11, 1960). Acts of West Virginia, Regular Session 1951, Chapter 209. Therefore, even though a second filing of the recidivist information did take place as Petitioner alleges—an action that would seem to this Court pointlessly redundant, it is clear that all this took place within the same September, 1959, Term of court as required by the statute.

■ Finally, it is alleged that Petitioner was denied effective assistance of counsel in that his attorney allowed sentencing without first obtaining a ruling on his motion to set aside the second degree murder verdict. This allegation is untrue as the following excerpt from the transcript shows:

Thereupon, on the 23rd day of December, 1959, during the September, 1959 Term of said Court, after hearing arguments of counsel to set the verdict aside, the Court overruled said motion;
* * *

Accordingly, each allegation having been discredited by the record, an order will be entered denying the prayer of the petition.