**Kenneth E. DOTSON, Petitioner,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. C–67–22–E.**

United States District Court
N. D. West Virginia.
July 20, 1967.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

■ Petitioner Kenneth E. Dotson was convicted in 1958 for the crime of forgery and thereupon was sentenced to an indeterminate term of not less than two nor more than ten years. Subsequently, Petitioner, in 1961, was convicted by a jury for the crime of grand larceny and thereafter was sentenced to a second indeterminate term of not less than one nor more than ten years to be served consecutively. This habeas corpus petition is directed at the 1961 conviction and sentence which Dotson now claims to be serving.[1]

■ Dotson raises five claims for relief. The first complaint, that there was "no starting or ending time . . . definitely stated" for the grand larceny sentence, raises no federal constitutional claim, as there is no contention that this fact, if true, is presently frustrating Petitioner's immediate right to release. This is merely an administrative matter for state authorities. In any event, as Respondent states in his

---

1. In any event, whether or not Dotson has yet begun to serve this sentence, since, if this latter conviction were overturned, Petitioner would now be eligible for parole on his first sentence, he is "in custody" within the meaning of 28 U.S.C. § 2241, and thus has standing to contest his second sentence at this time. Martin v. Commonwealth of Virginia, 349 F.2d 781 (4 Cir. 1965) ; Jones v. Boles, 257 F. Supp. 293 (N.D.W.Va.1966).

answer, Petitioner is legally confined "pursuant to a valid judgment and order."

■ The second claim, that Dotson was convicted of grand larceny, but indicted for breaking and entering, is not correct. The indictment reveals that it charges both breaking and entering and grand larceny. It is well settled in West Virginia that an indictment may allege both of these offenses in a single count, and a conviction for either is permissible under such an indictment. State v. Cutlip, 131 W.Va. 141, 46 S.E.2d 454 (1948). And the indictment clearly charges the larceny of currency well in excess of the fifty dollar minimum value for *grand* larceny.

■ Dotson's remaining three claims are closely related. The first is a general complaint, the remaining two are more specific. Petitioner first alleges that the evidence was insufficient to convict him. This sort of conclusion in itself raises no federal constitutional claim, since, as long as there was "some evidence" to support the conviction, "the probative strength of the evidence has never been permitted to be an issue in habeas corpus." Young v. Boles, 343 F.2d 136, 138 (4 Cir. 1965).

Had this bare allegation of insufficient evidence stood alone, the Court would have properly dismissed it without inquiry. But, inasmuch as Dotson's remaining claims were considered as direct attacks on specific evidence at trial, this Court's order to show cause specifically requested a copy of the transcript. On the basis of the Court's study of the transcript, not only is it clear that the evidence was by no means insufficient, but it is abundantly apparent that the two remaining claims now under discussion are groundless.

■ Dotson alleged that "My former conviction was repeatedly brought to the attention of the jury for no reason other than to prejudice them." This Court's reading of the entire state court trial transcript revealed but a single reference to Petitioner's prior criminal record. That was on cross-examination of the Petitioner, who chose to take the stand in his own defense. [T. 95–98]. The trial court, [T. 98], expressly instructed the jury to consider the prior convictions solely on the issue of the weight and credibility of Dotson's testimony and not as evidence of guilt. This has long been permissible under West Virginia law, State v. Blankenship, 137 W.Va. 1, 69 S.E.2d 398 (1952), and this case law does not run afoul of any federal constitutional standard. See Spencer v. State of Texas, 385 U.S. 554, 561, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

■ Finally, Petitioner claims that "The alleged victim * * * denied that any money what so ever was taken from his place of business *that belonged to him,* and that he had no knowledge of any money being stolen." (Emphasis added.) Very literally, the first of these factual allegations, including the italicized words, appears to be true, since all of the money taken was from pinball and other gaming machines owned not by the proprietor of the burglarized tavern, but by an amusement company which paid the proprietor a percentage of the receipts. However, as this Court has recently noted, Davidson v. Boles, 266 F. Supp. 645, 649 (N.D.W.Va.1967), the contingent interest of such a proprietor is sufficient, under West Virginia law, to constitute him an owner for the purposes of an indictment.

■■ There is no truth to the second factual allegation in this last claim. Since the proprietor had no direct access to the money in the machines, he would not know the actual amount by physical count. But he was certainly able to state correctly that the frequently used machines did have money in them, that it was not removed in the normal routine of business by the amusement company, and could testify as to the circumstances, as he knew them, surrounding the theft of the money. The enormous quantity of small change found in Dotson's car at the time of his arrest, together with the coin boxes belonging to the machines, provided ample evidence to warrant the

jury in finding him guilty of *grand* larceny under West Virginia law.

Having completely reviewed the entire record of Dotson's conviction, this Court considers it appropriate to state that not only are all of Petitioner's alleged and suggested claims in federal habeas corpus without foundation, but this Court cannot find the slightest suggestion of any error, constitutional or otherwise, in Dotson's trial. It seems clear that his state court trial was, in all respects, a fair one.

An order will be entered denying the relief sought and dismissing the petition.